IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICIA A. HUNTER,

    Plaintiff,

v.

TAHOE SANDS RESORT; TAHOE SANDS TIME SHARE OWNERS ASSOCIATION, a California corporation; NORTH SHORE RESORT REALTY, INC., a California corporation; and DOES 1 - 3,000, Inclusive,

    Defendants.

No. 2:10-cv-02267 WBS KJN

<u>ORDER</u>

        Presently before the court is plaintiff's application to proceed in forma pauperis (Dkt. No. 3), which was referred to the undersigned for resolution by United States District Judge William B. Shubb pursuant to Local Rule 302(a) (Dkt. No. 4).  Although plaintiff's application in support of her request to proceed in forma pauperis states that plaintiff and her husband receive not insubstantial monthly income, it also alleges that plaintiff's and her husband's necessary expenses are significant.  At this time, plaintiff's application in support of her request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned will grant plaintiff's request to proceed in forma pauperis.

The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See also Lopez, 203 F.3d at 1126-27 ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

The undersigned cannot conclude on the present record that plaintiff's action is frivolous or malicious, that her complaint fails to state claims on which relief can be granted, or that she seeks monetary relief from an immune defendant. However, this order does not preclude defendants from challenging plaintiff's complaint through a timely motion pursuant to Federal Rule of Civil Procedure 12 or some other appropriate method of challenging plaintiff's pleading. Accordingly, the undersigned will order service of the complaint on the following defendants: Tahoe Sands Resort, Tahoe Sands Time Share Owners Association, and North Shore Resort Realty, Inc.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Dkt. No. 3) is granted, subject to revocation should the court determine that plaintiff's allegation of poverty is untrue.

2. Service of plaintiff's complaint is appropriate for the following defendants: Tahoe Sands Resort, Tahoe Sands Time Share Owners Association, and North Shore Resort Realty, Inc.

3. The Clerk of the Court is directed to issue forthwith all process pursuant to

Federal Rule of Civil Procedure 4.

    4. The Clerk of Court shall send plaintiff three USM-285 forms, one summons, an endorsed copy of the complaint filed August 24, 2010 (Dkt. No. 1), the scheduling order for United States District Judge Shubb, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

    5. Plaintiff is advised that to effectuate service, the U.S. Marshal will require:

        a. One completed summons;

        b. One completed USM-285 form for each defendant to be served;

        c. A copy of the complaint for each defendant to be served, with an extra copy for the U.S. Marshal; and

        d. A copy of the scheduling order and related documents for each defendant to be served; and

    6. Plaintiff shall supply the United States Marshal, within 30 days from the date this order is filed, all information needed by the Marshal to effectuate service of process, and *shall, within 10 days thereafter, file a statement with the court that such documents have been submitted to the United States Marshal*.

    7. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. *The United States Marshal shall, within 10 days thereafter, file a statement with the court that such documents have been served.* If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

    8. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

////

////

1  9. Plaintiff's failure to comply with this order may result in a
2  recommendation that this action be dismissed.
3  IT IS SO ORDERED.
4  DATED: September 16, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE